UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 1:14-CR-00214-21 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 84] |
| GERARDO RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |
| | : | |

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this criminal case, a federal grand jury has indicted Defendant Gerardo Rodriguez with drug related crimes.[1]

Defendant Rodriguez moves the Court to order the United States to reveal the identity of "the informant" in this case.[2]  The United States opposes the motion.[3]

For the reasons that follow, the Court **DENIES** the motion without prejudice.

The government can withhold "the identify of persons who furnish information of criminal activities to law enforcement officials."[4]  This privilege "is limited by the fundamental requirements of fairness."[5]  Disclosure is required when the informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."[6]  Whether disclosure is required "depend[s] on the particular circumstances of each case, taking into consideration the crime

---

[1] Doc. 1 at 2-3, 78-79, 85, & 87.

[2] Doc. 84.

[3] Doc. 204.

[4] *United States v. Sharp*, 778 F.2d 1182, 1185 (6th Cir. 1985).

[5] *Id.*

[6] *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (footnote omitted).

Case No. 1:14-CR-00214-21
Gwin, J.

charged, the possible defenses, the possible significance of the informer's testimony, and other

relevant factors."[7/]

A defendant must do more than speculate about how the identity of the informant will be

relevant to a defense or be essential to a fair trial.[8/]  Rather, the plaintiff must "adduce some

evidence" of the defense or need "before the government is called upon to disclose to the defendant

identity of an informant . . . (unless it may be subject to *Brady* disclosure requirements)."[9/]

Here, Rodriguez says that because "[d]iscoverable information in this case reveals that this

informant was an active participant in the alleged criminal activity," "it is crucial to the defense to

discover the informant's identity and directly discuss with him the instructions and inducements by

the DEA, FBI or others, or any payment for his services."[10/]

Defendant also says that the informant "is the only witness in a position to amplify or

contradict the testimony of government witnesses regarding [his] knowledge of or involvement in

this case" should Defendant choose not to testify at trial.[11/]

Defendant Rodriguez does not satisfy his burden to require the United States to disclose the

identity of the informant.  First, the Court observes that Defendant's arguments in favor of disclosure

would be true every time an informant is also a member of the conspiracy.  In each case, the

informant would be the only witness in a position to amplify or contradict the testimony of

prosecution witnesses should the defendant not testify.  And whether and how much an informant

---

[7/]*Id.* at 62.

[8/]*Sharp*, 778 F.2d at 1186 (quoting *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981)).

[9/]*Id.* at 1187.

[10/]Doc. 84 at 2.

[11/]*Id.*

Case No. 1:14-CR-00214-21
Gwin, J.

was paid or instructed is always an issue for credibility and a potential defense of entrapment.

But more importantly, Rodriguez's arguments do not rise to the level the Supreme Court and the Sixth Circuit require to require disclosure. Rodriguez does not present any evidence of a specific defense he plans to raise using the identity of the informant.[12/] Without such evidence, the Court cannot determine that the identity is relevant to any defense or essential to a fair trial nor that an *in camera* review of the informant's identity is warranted.[13/]

At this time, the Court will not order the United States to disclose the identity of any informants. However, Defendant Rodriguez may renew this motion should he become able to make a specific showing as to how he needs any informant's name. And the Court notes that the United States may need to disclose some informant information due to its obligations under *Brady v. Maryland*[14/], *Giglio v. United States*[15/], and the Jencks Act.[16/]

Therefore, the Court **DENIES** the motion to order disclosure of informant information without prejudice.

IT IS SO ORDERED

Dated: July 17, 2014                    s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[12/]The Court also notes the United States's remark that Rodriguez does not identify which informant Rodriguez wishes to interview. *See* Doc. 204 at 4.

[13/]*See Sharp, 778 F.2d at 1187*.

[14/]373 U.S. 83 (1963).

[15/]405 U.S. 150 (1972).

[16/]18 U.S.C. § 3500.